JOHN V. V. BOORAEM, EXECUTOR, &c., PLAINTIFF AND APPELLEE, v. PHILIP MORRIS, DEFENDANT AND APPELLANT.

Submitted June 28, 1906—Decided November 12, 1906.

1. A partial destruction of a leased building, though it may render the premises untenantable for the purposes of the lease until repairs are made, does not amount to a "total destruction" of the premises within the meaning of section 35 of the Landlord and Tenant act. *Gen. Stat., p.* 1923.
2. The statute being in derogation of the common law rule, its scope should not be extended beyond the plain meaning of the words.

On appeal.

Before Justices HENDRICKSON, PITNEY and TRENCHARD.

For the appellant, *Hamill & Egan.*

For the appellee, *Joseph Anderson.*

The opinion of the court was delivered by

HENDRICKSON, J. This is an appeal from a judgment of the First District Court of Jersey City.

The plaintiff recovered judgment for rent of a storeroom, 122 Newark avenue, Jersey City, from February 1st, 1906, to March 30th, 1906. There was a fire in the store on February 11th, 1906, which destroyed the defendant's stock of goods and materially damaged the premises. The plate glass in the windows and the doors was broken; some holes were cut in the floor where the firemen had been working to put out the fire; the stairway to the cellar used in connection with the store was damaged, although still in use; the gas fixtures were smashed, the doors had been forced and much interior woodwork of the store was burned. Plaintiff offered at once to repair the store and make it tenantable, but defendant declined to permit him to do so, desiring to retain his stock

of goods in position while the insurance adjusters were determining the loss, and also desiring to sell his fixtures on the premises. Defendant tendered the rent that had accrued from February 1st to the date of the fire, all previous rent having been paid.

The Landlord and Tenant act (*Gen. Stat., p.* 1923, § 35) declares that whenever any building erected on leased premises shall be injured by fire without the fault of the lessee, the landlord shall repair the same as speedily as possible, or in default thereof the rent shall cease until such time as the building shall be put in complete repair; and in case of the total destruction of such building, by fire or otherwise, the rent shall be paid up to the time of such destruction, and then and from thenceforth the lease shall cease and come to an end.

The defendant retained possession of the premises until March 12th, 1906, when the last of the fixtures were removed. The plaintiff completed his repairs within two weeks after the possession was given to him. Judgment was rendered for the plaintiff for the rent for the month of February, and for the portion of the month of March up to the time of recovering possession of the premises, amounting in the whole to $291. It is contended for the defendant appellant that the facts in this case show a total destruction of the premises under the statute cited, and that thereupon the lease forthwith came to an end, leaving as the only duty of the tenant the payment of the rent to the time of the destruction by fire; that defendant having tendered this, judgment should have been for the defendant. We are unable to regard the case as one of total destruction within the meaning of the statute, which, being in derogation of the common law rule, its scope should not be extended beyond the plain import of the words used. 18 *Am. & Eng. Encycl. L.* 310*b*. In construing the words "total destruction," when used in leases to terminate the payment of rent, the courts have held that a partial destruction of the building, though it renders the premises, or a part thereof, untenantable for the purposes of the lease, does not terminate the lease and relieve the tenant

from liability for future rents. *Id.* 310; *Wall* v. *Hinds,* 4 *Gray* 256.

Under this view of the law, we think the trial judge was justified in finding that this was not a case of total destruction. It follows that it must be treated as a case arising under the first clause of the statute, which provides for cases where the leased premises shall be injured by fire without the fault of the lessee, and it appearing that the plaintiff at once offered to repair, so that the rent did not cease to accrue on that account.

The appellant seems to assume that the trial judge acted upon the theory that the tenant was required to prove that the fire was without his default, and contends that the burden of proving such fault, if any, is on the plaintiff. But the state of the case does not show any ruling by the judge upon that question, and the fact appearing that the plaintiff waived any proof upon that question by at once offering to repair the premises, it is out of the case. The result is that the judgment is affirmed.